CORNELIA ANN CUNNINGHAM, EXECUTRIX, ESTATE OF JOHN A. CUNNINGHAM, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 16434. Promulgated April 26, 1929.

*William S. Hammers, Esq.,* for the petitioner.
*A. H. Murray, Esq.,* for the respondent.

OPINION.

VAN FOSSAN: The depositions on which petitioner relies leave much to be desired in the matter of proof. They are replete with indistinct recollections and unsatisfactory explanations of many of the items in issue. So far as the record justifies, the facts have been set forth above.

With the exception of the sixth allegation of error, the points at issue in this proceeding all involve the right of the decedent to deduct from income debts charged off during the taxable years under the provisions of section 214 (a) (7) of the Revenue Act of 1918. During the year 1918 the decedent determined that the unsecured debts owing to him directly by J. J. Ahern or indirectly by reason of endorsements and payments made for the benefit of the said Ahern were worthless and uncollectible. Before so doing the decedent ascertained that the financial status of Ahern was such that it would be useless to reduce his claims to judgment. We believe his action

in charging off during the year 1918 the sum of $4,716.59, representing the note of Ahern given in settlement of his furniture account, was warranted and the deduction should be allowed.

As to the note for $4,824.28 given to close an account for advances and profits on various deals, we encounter a failure of proof of an essential fact. The advances obviously would be a proper basis for a deduction. The profits would be such only if previously taken into income. We have no evidence of the separate amount of each item and are unadvised whether the profits had been accounted for by decedent. We must, therefore, disallow the entire item.

We find from the evidence that the item of $12,623.20, representing a debt due from the Kirby Furniture Co. apparently became worthless and uncollectible prior to 1918. The indefinite promise of Kirby, joint endorser of the company's note to the Atlantic National Bank, " to make good " at some later date did not justify the decedent in carrying the account on his books as a good asset. In *Avery* v. *Commissioner*, 22 Fed. (2d) 6, the court said:

The Revenue Act of 1918, which applies to this case, permits a taxpayer in computing net income to deduct debts ascertained to be worthless and charged off within the taxable year. The reasonable interpretation of the law is that in order to secure a deduction of worthless debts they must be charged off in the year they are ascertained to be worthless. A man is presumed to know what a reasonable person ought to know from facts brought to his attention. A taxpayer should not be permitted to close his eyes to the obvious and to carry accounts on his books as good when in fact they are worthless and then deduct them in a year subsequent to the one in which he must be presumed to have ascertained their worthlessness. To do so would enable him to withhold deductions in his less prosperous years, when they would have little effect in reducing his taxes, and then to apply the accumulation to another time to the detriment of the fisc. This would defeat the intent and purpose of the law.

Honesty of belief in the taxpayer is not conclusive nor binding on the Board. It is the province of the Board to determine on a review of all the facts and circumstances surrounding the particular debt sought to be deducted whether the taxpayer knew or ought to have known its worthlessness in a prior year. If knowledge of the worthlessness of a debt sought to be deducted can thus be brought home to the taxpayer it can not be said that the worthlessness was ascertained in the subsequent year when it is actually charged off.

In view of the above it is not necessary to consider the legal effect of decedent's ownership of part of the stock of the company whose note he endorsed and paid.

We are of the opinion that the sum of $12,623.20 due to the decedent from the Kirby Furniture Co. and claimed by him as a bad debt could not properly be charged off during the year 1918.

In 1917 J. J. Ahern induced the decedent to endorse two notes aggregating $1,346.73 and executed as security for the payment of such notes a second mortgage on his home. While the decedent

determined definitely that other obligations of Ahern became worth- less in 1918, he did not charge off the above debt because it was secured by the mortgage. However, during 1919 the decedent was advised by his attorney that the mortgage was defective and could not be enforced. Upon this information and the general knowledge of Ahern's financial condition, the decedent charged off the said sum of $1,346.73. Under all the facts we are of the opinion that the deduction should be allowed.

As to the item of $21,879.84 representing a settlement of account between Ahern and the decedent, the evidence is insufficient to indi- cate that Ahern's note became worthless in 1919, the year in which it was charged off, rather than in 1918. There is no evidence that the stock pledged as security and subsequently returned to Ahern ever had any value or that it justified the year's delay in charging off the same. The debt which is sought to be deducted must have been ascertained to be worthless and charged off in the year in which the deduction is claimed. Furthermore, there is no evidence that the decedent had ever taken this account into income. Therefore, we hold that this item is not deductible from the decedent's income for 1919.

No evidence was introduced to show that the item of $206.48 repre- sented ordinary and necessary business expenses of the decedent. This amount is not deductible for the year 1919.

The evidence discloses that the decedent paid the sum of $11,550 as endorser of two notes of J. J. Ahern given in payment for capital stock of the Grand Boulevard Investment Co. Although Ahern himself was ascertained to be insolvent in 1918 the account was not charged off in that year because there was attached to such notes as collateral security certain stock of the Investment Co. The stock was sold in 1920 and decedent paid the balance due on the notes above the sale price of the stock. Upon payment of said amount the stock was turned over to a company which decedent controlled. By this transfer decedent virtually came into possession of the very stock for which the notes had originally been given. We are un- advised as to the value of the stock and in this state of facts are unable to say that decedent suffered an actual loss. Certainly if the stock had a substantial value in excess of the amount paid at the forced sale petitioner could not be heard to claim that decedent sustained a loss, on one hand, while coming into practical possession of the very securities in question, on the other. The item is dis- allowed.

The bond of the Florida State Fair Association of the par value of $1,000, which the decedent charged off on March 27, 1920, was not shown to have been ascertained to be worthless on that date. De-

cedent made no attempt to enforce its payment, to dispose of it or to ascertain its market value. The mere conjecture on the part of the decedent that the bond was worthless did not constitute an ascertainment of such worthlessness within the meaning of the statute. The deductibility of a debt or loss against income must be based on something more than mere supposition. See *Avery* v. *Commissioner*, *supra*, and *Steele Cotton Mill Co.*, 1 B. T. A. 299. The action of the respondent in disallowing this deduction is approved.

*Judgment will be entered under Rule 50.*